UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Shawn Elder,<br><br>        Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## INTRODUCTION

1. Defendant Union Pacific Railroad Co. has engaged in a pattern and practice of discriminating against employees who suffer from disabilities, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADA"). *See, e.g.*, *Harris v. Union Pacific Railroad Co.*, No. 8:16-cv-381, Memorandum and Order, Dkt. 307 (D. Neb. Feb. 4, 2019). This includes against Shawn Elder, who Union Pacific has withheld from service for unsubstantiated concerns regarding his health.

## PARTIES

2. Elder is an individual who resides and worked for Union Pacific in Iowa.

3. Union Pacific is a railroad carrier engaged in interstate commerce. It is headquartered in this district. Consequently, its human resources department, which is responsible for investigating complaints of disability discrimination, is based in this district; its law department, which is responsible for adopting policies regarding and training its managers on disability discrimination, is based in this district; and its medical

department, which is responsible for evaluating and accommodating its employees' disabilities, is based in this district.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper in this division under 28 U.S.C. § 1391 because Union Pacific is headquartered and the illegal conduct occurred pursuant to policies and procedures that were promulgated by officers who reside in this district, and because a substantial part of the events or omissions giving rise to Elder's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Elder suffers from a diabetic condition that can, over time, cause his eyesight to worsen.

7. Elder worked for Union Pacific from 2004 to the incident at issue in this case.

8. At the time of the incident at issue in this case, Elder was a conductor.

9. Elder has never had difficulty performing his job's essential functions.

10. In 2018, Union Pacific nevertheless removed Elder from service, claiming that his diabetic condition could cause him to suddenly lose his eyesight, which—according to it—put him at an unacceptably high risk of endangering himself or others were it to allow him to continue working.

11. The likelihood of Elder suddenly losing all of his eyesight in either eye, much less both of them, is slim to none.

12. Even did Elder suddenly lose his eyesight in both eyes, the chance of it

resulting in him injuring himself or others is minimal.

13. This minimal risk could be mitigated through any number of reasonable accommodations.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

14. Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

15. At all relevant times, Elder was an individual with a disability withing the ADA's meaning.

16. Elder is a qualified individual under the ADA.

17. Union Pacific discriminated against Elder on the basis of disability when it removed him from service.

18. Because Union Pacific violated 42 U.S.C. § 12112, Elder has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Elder is also entitled to attorneys' fees and costs incurred in connection with these claims.

19. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Elder's rights. As a result, Elder is entitled to punitive damages.

### COUNT II
### FAILURE TO ACCOMMODATE, IN VIOLATION OF THE ADA

20. At all relevant times, Elder was an individual with a disability under the ADA.

21. Union Pacific was aware of Elder's disability.

22. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

23. If Union Pacific believed that Elder's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Elder to perform the essential functions of his job.

24. Union Pacific failed to engage with Elder in the interactive process, and failed to offer reasonable accommodation to Elder.

25. Because Union Pacific violated 42 U.S.C. § 12112, Elder has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Elder is also entitled to attorneys' fees and costs incurred in connection with these claims.

26. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Elder's rights and safety. As a result, Elder is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Elder prays for judgment against Union Pacific as follows:

27. That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

28. For an injunction against Union Pacific and its directors, officers, owners,

agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

29. For an order reinstating Elder with seniority and benefits;

30. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

31. For an award of pre-judgment interest, as provided by law;

32. For an award of Elder's costs, disbursements and attorneys' fees pursuant to law;

33. For all relief available under the ADA;

34. For such other and further relief available by statute; and

35. For such other and further relief as the Court deems just and equitable.

August 31, 2021

**COUNSEL FOR PLAINTIFF**

/s/ Nicholas D. Thompson
Nicholas D. Thompson (*pro hac vice*)
Casey Jones Law
3520 Cherryvale Avenue, Suite 83
Appleton, WI 54913
Phone: (757) 477-0991
Email: nthompson@caseyjones.law